**Robert W. POINTER and Maybelle Pointer, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 22860.**

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1969.

---

James A. Larpenteur, Jr. (argued), of Mautz, Souther, Spalding, Kinsey & Williamson, Portland,. Or., for appellants.

David E. Carmaclz (argued), Atty., Tax. Div., Lee A. Jackson, Jonathan S. Cohen, Howard M. Koff, Attys., Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Dept. of Justice, K. Martin Worthy, Counsel, IRS, Washington, D.C., for appellee.

Before HAMLIN and ELY, Circuit Judges, and TAYLOR,* District Judge.

FRED M. TAYLOR, District Judge:

This proceeding was instituted to review a decision of the Tax Court holding that gains from the sale of subdivided lots of a tract of land constituted ordinary income to the petitioners rather than long-term capital gains. The Tax Court upheld the deficiency assessments by the Commissioner of Internal Revenue against the petitioners for the taxable years of 1961, 1962, and 1963. The deficiencies assessed resulted entirely from the disallowance by the Commissioner of capital gain treatment claimed by the petitioners on the sale of the subdivided lots.

The material facts are not controverted. In 1953 and 1954, the petitioners, husband and wife, purchased two contiguous tracts of land near their home, hereafter collectively called "the tract". At the time of purchase, the land contained a stand of timber as well as various crops of nuts and berries. Substantial portions of the surrounding area had been subdivided and developed as single-unit residence property, while other portions were vacant. In 1957, pursuant to an interim zoning code, the tract was zoned residential and remained

---

* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

so zoned after final zoning in 1959. The tract was subdivided and platted in April, 1959, and the plat was approved in July, 1959.

In 1958, the petitioners arranged with two builders, Arne Stigum and Alton Fuller, for the construction of single unit dwelling houses on the tract. The parties agreed that the petitioners would deed individual lots to the builders in return for promissory notes payable in one year or when a lot and residence were sold, whichever occurred first. Although it was originally agreed that the builders would procure their own construction financing, the petitioners subsequently offered to provide construction financing at six per cent per annum.

Prior to the construction of any houses on the tract, the petitioners expended some $24,140 in subdividing and improving the tract. The improvements made consisted of regrading and paving of an old existing road, the installation of curbing on this street, and the installation of water lines. A sewer was installed by a local sewer district at no cost to the petitioners. There was evidence to show that these improvements increased the value of the individual lots from approximately $2,500 to approximately $5,000 per lot.

From 1958 to 1964, Stigum and Fuller built houses on 16 lots purchased from the petitioners at prices of $5,000 to $6,000 per lot. Three of these houses were "contract" houses, built to the buyer's specifications. The remainder were built as speculative ventures and placed on the market for sale to any buyer. Petitioners required that the houses built be of a good class, and of a value of $30,000 or more, and further required that the builders submit construction plans to the petitioners for their approval prior to commencing construction.

Stigum and Fuller were not obligated to secure their construction financing from the petitioners, but they did secure such financing with respect to 12 of the 16 houses which they built. Fuller testified that he did so because the financing

was readily available, the interest rate was competitive, and financing through the petitioners avoided loan costs inherent in commercial financing. The petitioners did not rigidly enforce the due dates of the promissory notes given for the purchase price of the lots or for construction financing. Apparently, they were content to wait until a house and lot was sold, at which time the closing agent would satisfy the construction loan, pay the commission to the realtor involved, pay the purchase price of the lot to the petitioners, and remit the remainder to the builders. The petitioners retained title to those lots on which speculative houses were built until such time as they were sold. Title to the property was then conveyed directly to the buyer and title was not at any time vested in the builder.

Both Stigum and Fuller utilized the services of real estate brokers in selling the houses built. The tract was extensively advertised locally, and the houses were held open for inspection. Petitioners did not engage in any sales activity with respect to lots on which Stigum and Fuller had constructed houses, but did sell four lots directly to other residents of the area.

On the basis of the foregoing facts, the Tax Court determined that the petitioners held the lots in question primarily for sale to customers in the ordinary course of business. The Tax Court rejected the argument of the petitioners that the relationship between the builders and petitioners was that of buyer and seller of the lots, and found that the builders were acting as agents for the petitioners in building and selling houses, and that accordingly, the acts of the builders must be attributed to the petitioners in determining whether the petitioners held the property primarily for sale to customers in the ordinary course of business. For the purpose of this appeal, we need only consider whether the Tax Court was correct in so attributing the acts of the builders to the petitioners, since the petitioners correctly concede that if the sales activi-

ties of the builders are imputable to the petitioners, then the decision of the Tax Court must be affirmed. Our review of the findings and conclusions of the Tax Court is necessarily limited to a determination of whether those findings are clearly erroneous on the record. F.R. Civ.P. Rule 52(a), 28 U.S.C.A.; Heller Trust v. Commissioner of Internal Revenue, 382 F.2d 675 (9th Cir. 1967).

 The reasoning of the Tax Court sufficiently appears in its findings of fact and opinion, reported at Pointer v. Commissioner, 48 T.C. 906 (1967), with which we agree. While it is not precisely clear from that opinion whether the Tax Court regarded the relationship of the parties as a joint venture or as a relationship of principal and agent, we do not consider that the technical niceties in regard to the position of the parties are controlling factors. It is sufficient to observe that in the circumstances, the builders were acting for petitioners as well as for themselves in the sale of the houses and lots, particularly in view of the fact that with respect to a majority of the lots, petitioners neither transferred title nor received payment until a lot was sold. It is well settled that a taxpayer may engage in business through the activities of his agent, and that in such a case, the acts of the agent are imputable to the principal. Achong v. Commissioner of Internal Revenue, 246 F.2d 445 (9th Cir. 1957); Bauschard v. Commissioner of Internal Revenue, 279 F.2d 115 (6th Cir. 1960).

In view of the conclusion reached, we need not consider whether the improvements made by the petitioners were "substantial" improvements which would preclude the petitioners from claiming the benefits of Section 1237 of the Internal Revenue Code of 1954. It is quite clear, and petitioners so concede, that if the acts of the builders are attributable to petitioners, then the building of houses on the tract constitutes such substantial improvement as to render Section 1237 inapplicable to these proceedings.

No error of law is shown in the decision of the Tax Court, nor is any such

error assigned by petitioners on appeal. We cannot say that the findings of fact below are clearly erroneous. We accordingly adopt the opinion of the Tax Court on the issues presented here.

The decision of the Tax Court is affirmed.